UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID C. STIEGLITZ,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MALCOLM S GERALD & ASSOCIATES, INC.,<br><br>　　　　Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 1:20-cv-01320<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes DAVID C. STIEGLITZ ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of MALCOLM S GERALD & ASSOCIATES, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

### PARTIES

1

4. Plaintiff is a firefighter and consumer over 18 years-of-age residing in Cook County, Illinois, which is located within the Northern District of Illinois.

5. Defendant promotes itself as a "receivables management services and strategies company serving the medical community since 1962."[1] Defendant is a corporation organized under the laws of the State of Illinois. Defendant's principal place of business is located at 111 W. Washington St., Suite 450, Chicago, Illinois 60602.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action stems from Defendant's attempts to collect upon defaulted medical bills ("subject debt") that Plaintiff purportedly owes.

8. Around November 2019, Plaintiff began receiving phone calls to his cellular phone, (773) XXX-5751, from Defendant.

9. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -5751. Plaintiff is and always has been financially responsible for the cellular phone and its services.

10. Defendant has used a variety of phone numbers when placing calls to Plaintiff's cellular phone, including but not limited to: (312) 922-6500 and (773) 839-6870.

11. Upon information and belief, the above referenced phone numbers are regularly utilized by Defendant during its debt collection activities.

---

[1] http://www.msgerald.com/

12. Upon answering phone calls from Defendant, Plaintiff has experienced a significant pause, lasting several seconds in length, before being connected with a live representative.

13. Plaintiff, through his contacts with Defendant, was informed that Defendant was acting as a debt collector attempting to collect upon the subject debt.

14. Defendant's harassing collection campaign caused Plaintiff to demand that Defendant cease contacting him.

15. Moreover, Plaintiff also informed Defendant that it was contacting him during work hours and that its calls were inconveniencing his duties as a firefighter.

16. Despite Plaintiff's demands, Defendant has continued to place collection calls to Plaintiff's cellular phone, even during Plaintiff's work hours, through the filing of the instant action.

17. Plaintiff has received *at least* 20 phone calls from Defendant since asking it to stop calling.

18. Frustrated over Defendant's continued conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

19. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

20. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies unwanted collection calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff repeats and realleges paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

23. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

24. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

25. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of FDCPA §1692c(a)(1) and §1692d

26. The FDCPA, pursuant to 15 U.S.C. §1692c(a)(1), prohibits a debt collector from communicating with a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer." Moreover, the FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

27. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being notified to stop. Moreover, Defendant contacted Plaintiff during times it knew Plaintiff was working as a firefighter, which hindered Plaintiff's ability to execute his professional tasks. Defendant called Plaintiff at least 20 times after he demanded that Defendant cease calling him. This repeated behavior of systematically calling Plaintiff's phone in spite of Plaintiff's demands was harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing Plaintiff into submission.

28. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct in placing the calls was inconvenient and harassing to Plaintiff.

### b. Violations of FDCPA §1692e

29. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

30. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

31. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that Defendant stop contacting him, Defendant continued to ceaselessly contact Plaintiff via automated calls. Instead of putting an end to this harassing behavior, Defendant systematically placed at least 20 phone calls to Plaintiff's cellular phone in a deceptive attempt to force Plaintiff to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him when it no longer had consent to do so.

### c. Violations of FDCPA §1692f

32. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

33. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff over 20 times after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without Plaintiff's permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

34. As pled in paragraphs 18 through 20, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, DAVID C. STIEGLITZ, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: February 22, 2020                                  Respectfully submitted,

s/ Nathan C. Volheim                                      s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                          Taxiarchis Hatzidimitriadis, Esq. #6319225
*Counsel for Plaintiff*                                   *Counsel for Plaintiff*
Admitted in the Northern District of Illinois             Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.                                  Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                       2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                   Lombard, Illinois 60148
(630) 568-3056 (phone)                                    (630) 581-5858 (phone)
(630) 575-8188 (fax)                                      (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                  thatz@sulaimanlaw.com

s/ Eric D. Coleman                                        s/Alejandro E. Figueroa
Eric D. Coleman, Esq. # 6326734                           Alejandro E. Figueroa, Esq. #6323891
*Counsel for Plaintiff*                                   *Counsel for Plaintiff*
Admitted in the Northern District of Illinois             Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.                                  Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                       2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                   Lombard, Illinois 60148

| | |
|---|---|
| (331) 307-7648 (phone) | (630) 575-8181 ext. 120 (phone) |
| (630) 575-8188 (fax) | (630) 575-8188 (fax) |
| ecoleman@sulaimanlaw.com | alejandrof@sulaimanlaw.com |